# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **United States of America,** | ) | |
| | ) | |
| v. | ) | Case No: 17 C 3749 |
| | ) | |
| **Eugene Moore,** | ) | Judge Ronald A. Guzmán |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motions under 28 U.S.C. § 2255 [1, 2] are denied.

## STATEMENT

Eugene Moore pleaded guilty in 2003 to possessing cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 135 months' imprisonment plus five years' supervised release. His sentence was later reduced to 120 months under 18 U.S.C. § 3582(c) based on an amendment to the Sentencing Guidelines that lowered the base offense levels applicable to cocaine-base offenses. In October 2015, four years into Moore's supervised release, the government sought revocation, see 18 U.S.C. § 3583(e), when Moore committed a state crime by battering a police officer. After a hearing, the Court revoked Moore's supervised release and sentenced him to 30 months' imprisonment, which was the bottom of a policy-statement range of 30 to 37 months' imprisonment (based on Moore's criminal history category of III and his commission of a Grade A violation), to run consecutively to his state sentence of five years.

Moore appealed, and his attorney filed an *Anders* brief, stating that while Moore could argue that counsel was ineffective for not asserting that this Court improperly calculated his policy-statement range because the Fair Sentencing Act reclassified his underlying offense from a Class A felony to a Class B felony, such an argument would be frivolous. The Seventh Circuit agreed "because revocation sanctions are part of the penalty for the underlying offense and thus require district courts to apply the law in effect at the time of the original crime." *United States v. Moore*, 674 F. App'x 577, 578-79 (7th Cir. 2017). As noted by the Seventh Circuit, "Moore's 2003 drug crime was a Class A felony when he was sentenced, and the Fair Sentencing Act does not reduce the penalties for those sentenced before the law changed." *Id.* at 578. Although Moore's counsel did not raise in the *Anders* brief a possible challenge to two standard conditions of supervised release that the Court of Appeals has criticized – that Moore must notify "third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics" for being unconstitutionally vague and "prohibiting Moore from leaving the judicial district" as "improperly impos[ing] strict liability" because it has no scienter requirement – the Seventh Circuit considered but rejected these bases for appeal. *Id.* at 579 ("[I]f Moore believes these conditions to be vague, unclear, or burdensome after he begins serving the term of

supervised release, he is free to seek modification under 18 U.S.C. § 3583(e)(2)."). The Seventh Circuit therefore granted counsel's motion to withdraw and dismissed the appeal.

In Moore's current motion under § 2255, he raises two grounds for his revocation sentence to be vacated: first, he asserts that his revocation proceedings were flawed when the conditions of supervised release noted above were not given careful scrutiny by his counsel or this Court, and second, he contends that his counsel was ineffective for failing to raise the argument that his policy-statement range on revocation was improperly calculated because the Fair Sentencing Act reclassified his underlying offense from a Class A felony to a Class B felony.

A federal prisoner can move to vacate his sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Martin v. United States*, No. 16 C 6405, 2017 WL 2805233, at *2 (N.D. Ill. June 28, 2017) (internal citations and quotation marks omitted).

With respect to ineffective assistance of counsel, Moore can obtain relief only if he can demonstrate that counsel's performance was so deficient as to be objectively unreasonable under prevailing professional norms and that he suffered prejudice as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Here, Moore cannot establish prejudice because the Seventh Circuit has concluded on appeal that he was properly sentenced as a Class A offender. Counsel cannot be ineffective for failing to have raised the meritless argument that he should have been classified as a Class B offender.

As to the supervised-release conditions, Moore fails to point to any prejudice he suffered as a result of counsel's failure to raise the issue at sentencing. As noted, the Seventh Circuit stated on appeal that Moore did not raise the issue in responding to the *Anders* brief and further indicated that "if Moore believes these [supervised release] conditions to be vague, unclear, or burdensome after he begins serving the term of supervised release, he is free to seek modification under 18 U.S.C. § 3583(e)(2)." *Moore*, 674 F. App'x at 579. Accordingly, Moore's § 2255 motion is denied. The Court declines to issue a certificate of appealability.

**Date**: September 20, 2017

_____
**Ronald A. Guzmán**
**United States District Judge**

2